## ELDRED and ELDRED vs. CAMP and SHUMWAY.

1840.
Third Circuit.

Where the equity of the bill is denied, the injunction, on motion, will be dissolved; and where it is shown by a special plea that there is no equity in the bill, it is the same, so far as regards the motion to dissolve, as though the equity of the bill was fully denied by answer.

Eldred
vs.
Camp,
January 24.

Motion to dissolve an injunction.

This was a creditors' bill in the usual form, setting forth that the complainant, Daniel B. Eldred, recovered against the defendant Camp, and one Boville Shumway, two judgments in the circuit court for the county of Calhoun, and that executions had been duly issued on said judgments, delivered to the sheriff, and returned unsatisfied; that the sum of $621 28, with interest from November 10, 1838, over and above all just claims by way of set off, or otherwise, was, at the time of filing the bill, due to the complainant, Daniel B. Eldred, on the judgments.

An injunction was granted.

The defendant Camp, put in a special plea to the bill, in which he admits the recovery of the judgments, the issuing of the executions, the delivery of the same to the sheriff, and the amount due as stated in the bill, and then proceeds: " Yet this defendant severally pleads in bar to the said complainant's said bill of complaint, and says, that after the issuing of the two executions above mentioned and described, on the said two judgments above mentioned, with the commands, endorsements and directions above set forth, and the delivery of the same to the said sheriff of the county of Calhoun, in the life time of the said two executions, and before the return day thereof, to wit: on or about the 30th day of August, 1839, the said sheriff of the said county of Calhoun, to wit: Loren Maynard, by his deputy, Solomon Platner, by virtue of said executions, and the said endorsements so made thereon, as aforesaid, levied upon and seized a large quantity of real estate as the property of this defendant and the said Boville Shumway, the defendants in the said executions, which said property is de-

scribed as follows, (describing the land;) and this defendant further severally says, that after such levy and seizure of the aforesaid described lands and real estate, by the said sheriff, by virtue of said two executions, to wit: on the said 30th day of August, in the year last aforesaid, he, the said sheriff, by his deputy above named, caused a notice of the sale of said lands and real estate to be published in a newspaper called the Calhoun County Patriot, to take place on Friday the first day of November then next, at the court house in the village of Marshall, at one o'clock in the afternoon of that day, and that afterwards, and on the sixth day of November 1839, the said sheriff of the said county of Calhoun, by his said deputy, above named, returned the said two executions to the clerk of the said circuit court, out of which court the same where issued, with a return endorsed upon each thereof, and signed by the said deputy sheriff, that he returned said executions, property on his hands, for the want of bidders; which executions were each of them then and there filed by the said clerk, and the aforesaid return of the said sheriff, entered by the said clerk in the book of records kept by him, the said clerk, for that purpose, pursuant to the provisions of the statute in such case made and provided. And this defendant further says, that the above mentioned and described executions, are the only executions that have been issued upon the said two judgments, and that if any such return as is specified in said complainant's said bill of complaint, was ever made on said two executions, or on either of them, by the said sheriff of the said county of Calhoun, or his said deputy, the same was falsely and fraudulently made, by the aid, advice or procurement of said complainant, or their solicitor or attorneys, after the said executions had been so returned by the said deputy sheriff, with such return thereof endorsed thereon and signed by him, as above specified, and after said executions had been so filed by the said clerk, and the return thereof so entered in the said book of records, as aforesaid, without the knowledge or consent of this defendant, or the said Boville Shumway, and without any leave for that purpose obtained from the said Calhoun county circuit

court. All of which matters and things, this defendant does aver and plead to the said complainant's said bill of complaint, and humbly craves whether he shall make any other or further answer to the said bill of complaint."

This plea is verified by the oath of the defendant pleading the same.

The defendants, upon filing the plea, moved to dissolve the injunction. The motion came on for hearing at the January term, in the third circuit.

LEE and PRATT, in support of the motion.

SANDFORD and BRADLEY, contra.

THE CHANCELLOR. Where the equity of the bill is denied, the injunction, on motion, will be dissolved; and where it is shown by a special plea, that there is no equity in the bill, it is the same, so far as regards the motion to dissolve, as though the equity of the bill were fully denied by answer.

A creditor's bill proceeds upon the ground that the complainant has exhausted his remedy at law, and the regular return of the execution unsatisfied, by the proper officer, is evidence of that fact. Here, it appears from the plea, that the executions were not returned unsatisfied, and the facts set up in the plea, are not denied. This defeats the equity of the bill, and the injunction must be dissolved.

Injunction dissolved.